# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RONALD EARLE RUSHIN,** : | |
| **Plaintiff** : | |
| : | NO. 5:17-cv-00329-MTT-CHW |
| VS. : | |
| **EMMONS, *et. al.*,** : | |
| **Defendants** : | |

## ORDER

*Pro* se Plaintiff Ronald Earle Rushin, currently incarcerated in Wilcox State Prison, submitted a *pro se* petition for writ of mandamus on what appears to be a standard form for use in the Superior Courts of Georgia. Petitioner requests that this Court order prison officials to "ship Petitioner away from here to prevent injury." ECF No. 1 at 2. Petitioner, however, failed to pay the Court's filing fee or submit a properly completed motion to proceed *in forma pauperis*. Consequently, on August 28, 2017, the Clerk of Court issued a notice of deficiency affording Petitioner twenty-one (21) to either remit payment to the Court or submit a motion to proceed without the prepayment of the filing fee. The clerk included a copy of the Court's standard application to proceed IFP and advised Petitioner that failure to comply could result in the dismissal of this action. The deadline has now passed without compliance or response from Petitioner. Petitioner's failure to comply or submit an application to proceed in forma pauperis is a sufficient basis

for dismissal of this action. *See e.g. Castro v. Director, F.D.I.C.*, 449 F. App'x 786 (11th Cir. 2011).

Upon review of the petition, however, it is apparent that Petitioner may not proceed IFP in this action even if he filed an appropriate motion. Petitioner may not proceed in this action without first prepaying the full $400.00 filing fee, as at least three of his prior federal lawsuits were dismissed as frivolous, malicious, or for failure to state a claim and count as "strikes" under 28 U.S.C. § 1915(g). Petitioner is thus **DENIED** *in forma pauperis* status. His Petition is **DISMISSED WITHOUT PREJUDICE** for this reason and for Petitioner's failure to state a claim upon which relief may be granted.

I. **Three strikes under 28 U.S.C. § 1915(g)**

Federal law prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited and leave may not be granted unless the prisoner shows an "imminent danger of serious physical injury." *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed dozens of federal lawsuits and least three complaints were dismissed as frivolous, malicious, or for failure to state a claim. *See Rushin v. Freeman*, 1:05-cv-01699, ECF No. 2 (N.D. Ga. Aug. 16, 2005) (dismissed for failure to state a claim); *Ash v. Adamson*, 4:10-cv-00055-CDL, ECF No. 12 (M.D. Ga. June 30, 2010) (dismissed for failure to state a claim); *Rushin v. Obriens*, 1:10-cv-02106, ECF No. 2 (N.D. Ga. Jul 29, 2010) (dismissed as frivolous).

Because of this, Petitioner may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *Medberry*, 185 F.3d at 1193. To satisfy this provision a prisoner must allege specific facts that describe "an ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)). When reviewing a pro se prisoner's complaint for this purpose, the district court must accept all factual allegations in the complaint as true and view all allegations of imminent danger in Plaintiff's favor. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Petitioner's complaint simply states that he wishes to be transferred, presumably to another prison, "to prevent injury." Petitioner's vague, non-specific allegations are not sufficient to meet the imminent danger standard.

Because Petitioner has three prior dismissals that properly qualify as strikes under 28 U.S.C. § 1915(g), he cannot proceed *in forma pauperis* in this action Once a plaintiff is denied *in forma pauperis* status, he cannot simply pay the filing fee and proceed with his complaint. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Accordingly, Plaintiff's complaint is subject to dismissal. *Id*. (the proper procedure is to dismiss the complaint without prejudice).

## II. Failure to state a claim

Even if Petitioner was able to proceed in this action *in forma pauperis*, his petition for writ of mandamus is still subject to sua sponte dismissal as frivolous. Although Petitioner has provided few details, it is apparent from the face of his filing that he seeks to have this Court order state officials to "act pursuant to their legal duty." ECF No. 1 at 1. The United States District Courts, however, are unable to issue writs compelling action by state officials in the performance of their duties. *See Lawrence v. Miami-Dade Cty. State Attorney Office*, 272 F. App'x 781, 781 (11th Cir. 2008) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); *In re Gurley*, 247 F. App'x 437 (4th Cir. 2007) (dismissing writ of mandamus for lack of jurisdiction because sought only to compel actions of state officials).

Because Petitioner seeks an order compelling state officials in the performance of their duties, this Court is without jurisdiction to grant Petitioner the relief he seeks.

4

### III. **Conclusion**

Because Plaintiff has three prior dismissals that properly qualify as strikes under 28 U.S.C. § 1915(g) and seeks relief this Court is without authority to grant, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**, this 4th day of October, 2017.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT